BUXÓ ET AL. *v.* BUXÓ ET AL.

APPEAL from the District Court of Humacao.

No. 785.—Decided March 29, 1912.

COSTS—"SENTENCIA FIRME"—FINAL JUDGMENT.—The words "final judgment" used in the English text of section 339 of the Code of Civil Procedure as amended by the Act of March 12, 1908, means the judgment rendered by the trial court and not *sentencia firme* which is the expression erroneously used by the translator in the Spanish text.

ID.—TAXATION OF COSTS—JURISDICTION OF TRIAL COURT.—In accordance with the Costs Act of March 12, 1908, the trial court has jurisdiction in proceedings for the taxation of costs as far as deciding the objections raised without excepting cases where an appeal has been taken from the judgment allowing the costs, but has no jurisdiction to enforce its decisions and order the collection of said costs while an appeal from the judgment is pending.

ID.—TIME FOR PAYMENT OF COSTS.—According to section 339 of the Code of Civil Procedure as amended by the Act of March 12, 1908, where no appeal has been taken from the judgment or where the judgment has been affirmed on appeal, the party against whom the costs have been adjudged shall deposit the amount thereof with the secretary of the court within five days after notice duly served upon him, and should he fail to do so a writ of execution shall issue. When the judgment taxing the costs has been appealed from, as in the case at bar, and the decision on such appeal is pending, the result of the same shall be awaited before proceeding to collect the costs in the manner aforesaid.

The facts are stated in the opinion.

*Messrs. López Landrón* and *Rincón* for appellant.

*Messrs. Alvarez Nava* and *Domínguez* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In the suit brought in the District Court of Humacao by Francisco, Poncio and Julio Buxó y Pérez against Francisco

Buzó Cabrera, Alejandro Laborde, Luis Recourt and his wife, María Frías, and Antonio Caubet y Pons, seeking to have the court declare null and void the proceedings instituted by said Buxó Cabrera to secure judicial authority for the purpose of alienating the property of his children, plaintiffs in said action, and further seeking to secure the nullity of the transfer of a certain rural estate made after the above-mentioned authority was granted, the said court, on a motion of *nonsuit* duly sustained, rendered its judgment on April 29 of last year dismissing the complaint with costs against the plaintiffs; and from this judgment counsel for said plaintiffs has taken an appeal, on which a decision is still pending.

The defendants, Alejandro Laborde and Luis Recourt, through their counsel, Carlos Travesier, and María Frías and Antonio Caubet, through their lawyer, Jorge V. Domínguez, filed with the court three memorandums of costs, that of Laborde amounting to $466.20, Recourt's to $457, and that of Caubet and María Frías to $570; but these memorandums were objected to by counsel for plaintiffs, the objection being decided by the court below in an order dated November 1 of last year reducing the totals of the memorandums to $66.20, $57, and $159, respectively, said order closing as follows:

"The clerk of this court is instructed to proceed to the collection of said *memorandums* of costs, in accordance with the provisions of section 339 of the Code of Civil Procedure, as amended by the Act of May 12, 1908; the proper orders to be issued and notice served on the parties for their information."

An appeal was taken from this order by the plaintiffs, who, in their bill to this Supreme Court, pray that the order, together with the memorandums of costs and disbursements made by defendants, be annulled and left without effect, their ground for the appeal being lack of jurisdiction of the court below and consequent violation of paragraph 4 of section 7 and sections 297 and 339 of the Code of Civil Procedure, as amended by the Act of March 12, 1908.

The only question to be considered and determined in this appeal is whether or not the judgment imposing costs, being now on appeal before this Supreme Court, the court below had jurisdiction to proceed with the hearing upon said costs until the amount to be paid by the party against whom the same have been taxed should be fixed and the collection thereof ordered under the terms of the law.

The rules for claiming and collecting the costs taxed in a suit or proceeding are found in section 339 of the Code of Civil Procedure, as amended by the Act of March 12, 1908.

The English text of the first paragraph of that section differs from the Spanish text as to the method of computing the 10 days within which the memorandums of costs should be filed, the English text directing that it be filed *within 10 days after the final judgment or decision,* whereas, according to the Spanish text, it should be filed *within 10 days following that in which the judgment or decision terminating the controversy was made final.*

Final judgment, according to the definition given in section 368 of the former Law of Civil Procedure, is that from which, by its nature or by agreement of the parties, there can be no ordinary or extraordinary remedy. A judgment, according to the English text of section 188 of the Code of Civil Procedure in force, is a *final determination* of the rights of the parties in an action or proceeding. And, under section 295, an appeal may be taken from a *sentencia definitiva* (the English text says *final judgment*), hence *final judgment* cannot be regarded as a *sentencia firme,* which is the expression used in the Spanish text of section 339, as amended.

In our decision of May 20, 1909, in *Vázquez et. al.* v. *Vázquez et al.,* 15 P. R. R., 275, we made the following statement: "The judgment or decision to which this act (that of March 12, 1908) refers, taking the English text and the general spirit of the law, must be the judgment of the court below * * *. The whole of Chapter VI of the Code of Civil

Procedure shows that the Legislature in considering costs had in mind the judgment to be rendered below.''

The jurisdiction of courts emanate from the law; and as the Act of March 12, 1908, gave jurisdiction to district courts in proceedings for the collection of costs, and makes no exception where an appeal has been taken from the judgment allowing the costs, it is plain that the court of Humacao cannot be denied jurisdiction to take cognizance, as it did, of the proceeding in question until it had decided the objection raised, but in the present case it had no jurisdiction to enforce its decree.

Paragraph 4 of section 7 of the Code of Civil Procedure gives the courts power to compel obedience to their judgments, orders, or processes, in an action or proceeding pending therein, and consequently denies them such power when the action or proceeding is pending in some other court; and, consistently with this legal principle, section 297 of the same Code provides that whenever an appeal is perfected it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein. Both sections have been violated by the court of Humacao, not because it continued the proceedings for the collection of the costs to a final decision, but because it directed the clerk to proceed to the collection of said costs under the terms of section 339 of the Code of Civil Procedure, as amended by the Act of March 12, 1908, and that proper orders be issued and notice served upon the parties, for their information.

The closing paragraph of section 339 of the Code of Civil Procedure, as amended, reads:

''Where no objection has been made in due time to a memorandum of costs, or where such objection having been made, the court shall have rendered its final decision thereon and no appeal shall have been prosecuted therefrom, or in the event of such an appeal therefrom a final judgment shall have been entered pursuant to the decision on such appeal, the party against whom the costs have been taxed shall

deposit the amount thereof with the secretary of the court within five days after notice therefor has been served upon him by the secretary. Should he fail to do so a writ of execution shall issue in the same manner as in the case of a judgment.''

The provisions of the paragraph just cited must be applicable, and in case of any apparent conflict with the provisions of sections 7 and 297 of the same code, an effort must be made to conciliate and harmonize their provisions with one another.

We say one more that district courts have jurisdiction to take cognizance of proceedings relating to costs allowed one of the parties until a decision has been rendered. Such decision shall become final if no appeal is taken therefrom, or, if affirmed, where an appeal has been taken. But when must it be complied with or enforced? If no appeal has been taken from the judgment allowing the costs, or if the same has been affirmed on appeal, the party against whom the costs have been taxed shall, within five days after receiving notice thereof, deposit the amount thereof with the secretary of the court, and in case of failure so to do a writ of execution shall issue, as provided in section 339; but when the judgment taxing the costs is appealed, as in the case at bar, and the decision on such appeal is pending, the result of the same shall be awaited before proceeding to collect the costs in the manner aforesaid; otherwise costs would be col·lected the taxation whereof forms part of the judgment appealed from and which may not be allowed under the decision rendered on the appeal.

This appeal once disposed of, the decision rendered on the objections made to the costs shall, in a proper case, be complied with and carried into effect.

In view of the foregoing reasons the decree of the District Court of Humacao of November 1 last, in so far as it directs that the *memorandums* of costs be collected as cut down by said court, should be reversed, and in lieu thereof an order should be issued directing that before proceeding

to collect the said memorandums of costs the result of the appeal taken from the judgment of April 29 of last year, allowing costs to the defendants, should be awaited, and that the order appealed from, in so far as it fixes the costs that should be paid, be left standing.

*Decided accordingly.*

Justices MacLeary, Wolf, del Toro, and Aldrey concurred.